May it please the Court, Your Honors. I'm Michael Carney. I'm the appellant and plaintiff in this case. And the reason I am here before you today is the issue is our instruments that were formed by defendants and appellees here to basically foreclose on and usurp my property, which I've properly stated and allege by law and with facts, as void instruments, these instruments have no legal or actual effect as they were, as their main parties that are inappropriate. The district court judge, Carney, initially granted the TRO on that ground or raised that question, but then did not address that question in the subsequent discharge of the TRO. Mr. Carney, as I understand, I think there's a California appellate court, Fontenot v. Wells Fargo Bank, which holds that you have to be able to demonstrate prejudice to the claim. And I'm wondering how that ties with the other California requirement that you have to have evidence of tender of the debt. And as I understand it, you didn't tender the repayment of the debt, did you? No, Your Honor. Once I discovered late in the process what exactly had transpired with regard to the subject v. trust and no, I decided to file suit and stated damages which would go far in excess of any claim by defendants and appellees. To your question of prejudice, and I've stated that the prejudice is fairly obvious on its face, where there's an attempt to use unlawful and void documents to usurp and to take my property, essentially. I don't understand how a void thing that never was can cause prejudice. Well, as I understand the tender rule, I mean, part of your, you were seeking equitable relief. And as I understand the purpose of the rule, you were able to refinance the property so you got the money. So as I read the California authorities, in order to obtain equitable relief from the court, you have to basically be in a position of saying, look, I'm willing to return the money that was loaned to me, for which I pledged my house as collateral. But you haven't done that, and yet you want us to enjoin the foreclosure of the house because you're in default on the debt. That is correct, Your Honor. You, in the cases that I've cited in my answer and my opening statement of appeal and in others, specifically DMOC, states that tender is not required when there are void instruments and void documents or void contract involved. There are other cases which I've cited that state where there are damages claimed that would either exceed or have a setoff to any tender that might, you know, that might be due an owing. That that would obviate the need for tendering or offering tender. What would the damages be that would offset the debt and the obligation under the debt? The damages were basically monies at the outset of the fraudulent, in my view, deed of trust and note, where it named improper parties and the improper parties disclosed and concealed, excuse me, concealed fees from me in that that I did not realize transpired in my original complaint. I had shown that the escrow service that I, once again, once I'd filed my complaint or was preparing my complaint, presented me with a HUD-1 statement, which was materially different from what was presented to me at closing number one. And number two, there was an unlicensed appraiser which, in my view, and in retrospect, wildly inflated the property value. And there's, I mean, we're talking about almost a $900,000 property three years ago, three and a half, or, excuse me, five years ago, six years ago, that is now, you can't sell it for 550. So, I mean, not only that, but the appraiser was unlicensed. And so let me see if I can understand your damages theory. Your damages, I assume, would include whatever out-of-pocket money you expended to pay for the refinancing. No, there were certain fees that were disclosed, concealed fees, that were misrepresented, as well as fees that were paid by Countrywide to the, who was acting as a lender, who was truly a broker, in the form of, I can't remember the name of the term. But wouldn't those undisclosed fees have come out of everything that you paid? Like, I assume you paid a fee for the appraisal, a fee for the escrow agent. Perhaps there was some sort of a, I don't know what you'd call it, a refinancing charge or something. I was told, and it was explained to me in my declaration of states, that it was told to me and represented to me that it was a no-cost loan, that there would be no fees other than just perhaps some minor administrative fees. So whatever fees were charged were actually taken out of, you got some additional cash in your pocket on closing, right? 200 and some odd thousand. Yes, Your Honor. So those fees would have been taken out before you received whatever the net was? Correct. And what did that amount to in total? In terms of a net proceeds to me? Yeah. I believe it was $263,000. Okay. You got $263,000, but what was the gross amount? Oh, I don't know. I don't have that with me, but it was probably something like about $12,000 more than that, and the other concealed fee paid by the lender that should have been disclosed, paid by Countrywide, who paid it to Boncorp, who was representing itself as a lender, yield spread premium, excuse me, is still a discoverable fact, but can be anywhere between $8,000 and $20,000. Let me ask you a question. You said just a moment ago that this was a no-cost loan. Correct. But you signed the adjustable rate note, correct? Yes, Your Honor. I'm looking. Okay. And did you read it? Yes, I did. I mean, it's pretty clear from reading that note what the cost of the loan is going to be and what's going to happen if you don't make timely payments. No, Your Honor. My answer was more directed specifically to up-front fees charged by a loan broker or a loan lender. I'm sorry if I did not make that clear. If we have this case in front of us on an abuse of discretion review, would you agree? Yes, Your Honor. So the district courts looked at all this, and they've determined that no preliminary injunction. And now we're supposed to say you abused your discretion in not giving him an injunction. You understand what abuse of discretion means? I do as far as it is. Doesn't it mean that what the district court was doing is implausible? I wouldn't say it was implausible. Well, doesn't our circuit precedent suggest that that's what we have to say? Well, it's implausible in that it would have to have the circuit. I mean, the district court would have had to deal with the issue of why I had filed a temporary restraining order in the first place and did not. Well, but just a minute. I don't want you to get off my question a little bit. I mean, do you know what the factors are that I have to look at here? Yes, Your Honor. I mean, in my ---- If you do know the factors, you do know that one of the factors is the balance of equities, right? Oh, correct. Yes, Your Honor. All right. So I understand that we have some least precedent that loss of property such as a home is unique. But what if I found that this notice and substitution were invalid? That would just require recon trust to initiate a new notice of sale, wouldn't it? Absolutely. I don't know why they haven't done so since. And it would only take 20 days, wouldn't it? I believe so. So you didn't pay your home off in two and a half years. How would the court's failure to grant relief to give you another 20 days be irreparable injury? Well, Your Honor, the fact that they have not ---- That isn't my question. I see. I didn't find that in the record. It seemed to me you'd been out of your home for two and a half years or, excuse me, you hadn't been able to pay for your house for two and a half years. And even if all the things you say are right, I'm having a tough time understanding why giving another 20 days would have done any difference when you couldn't pay for two and a half years. No, Your Honor. You're right. There would not be a difference. If there's no difference, then there's no balance of equity to tip in your favor. But then I would be dealing with a known entity other than MERS. That's not the question. Whether you deal with the entity or not, it's the ability to pay. Giving you another 20 days wouldn't have helped you. So I don't see how the balance of the equities tips in your favor. So, therefore, I have to affirm the district court. Right. But if the balance, if a new notice of sale were put forth, then I would have another beneficiary to deal with. You'd add another 20 days. I'm trying to figure out what would have been good. I hoped you'd say, if I'd have had 20 days, I'd have had the cash. But you couldn't have said that. That's not in the record. There's nothing to suggest that what the district court did here tilted it one way or another. Other than the fact that it verifies void documents or allows those documents to proceed. All right. I was just kind of worried about that. I understand, Your Honor. Can I reserve just a couple of minutes? Sure. Absolutely. Thank you. Good morning, Your Honor. Zari Jalterosian for the Appellees. I think Your Honors are right to identify the standard of review here as abuse of discretion. And not only that, the plaintiff has the burden of proof as a moving party to submit evidence to establish at least a fair chance of success on his claims. And he didn't do that here for two reasons. One is, as Judge Tolman pointed out, is the absence of any evidence of tender. The other one, which I think is a more significant problem, is the absence of any evidence of prejudice. Under California law and under this circuit's precedent in Cervantes, the plaintiff has to borrow, has to be able to establish that the claim irregularities in the foreclosure process prejudiced him. And that has a specific meaning. Let's look a little bit about those. It seems to me that DOMIC v. Emerald Properties would hold that tender was not required where a sale is void. Yes, Your Honor. Because the substitution of a trustee had not been filed correctly. That's DOMIC v. Emerald Properties. Doesn't that mean that the tender is not required here? No, Your Honor. Tender is a different issue from prejudice. Prejudice requires the borrower. Okay. So you want me to move to prejudice? I will answer the tender question. All right. I know there's a difference. But I know that when I read DOMIC, I said, well, tender is not something I should get too excited about. Right. Well, I don't think it's something you should get excited about in this case. Because as we wrote to the Court about in the California Court of Appeal decision, LONA, and LONA has very good analysis of the tender requirement in the California law. There is a tender requirement. There are exceptions to the tender requirement. One of them is if the plaintiff is able to show that there was fraud in the inducement. That, in the abstract, is all very well and good. But in the context of this case, this is an abuse of discretion review based on whether the plaintiff met his burden of proof. His declaration doesn't establish the facts necessary to show that he was defrauded into entering into this loan. In fact, he alleges in his complaint that the he says something in the complaint to the effect that the defendants will be able to show that all of the representations were disclosed in the purported in the documents. He actually alleges that in the complaint. So he doesn't have any evidence to overcome the tender rule by establishing one of the exceptions. Well, but as I read, Dominic, it said where the sale was void because the substitution of the trustee had not been filed correctly, tender was not required. So I'll look again at your case. Let's move to prejudice. Yes. In the cases you cite about prejudice, isn't it true that most of these cases were dealing with minor procedural errors? Yes, Your Honor, all of the cases. Actually, I take that back. No, I think Cervantes was dealing with a minor. Well, none of them dealt with the actual identity and authority of the foreclosing party. In Cervantes, the plaintiff alleged that the MRS was a sham beneficiary, i.e., that its nominal status as the holder of the beneficial interest in the note was made such that it had no power to initiate foreclosure proceedings or assign the new trust. Are you really suggesting that in Cervantes the parties didn't actually have the authority to initiate the foreclosure? That's what the plaintiff alleged. And this Court held that those allegations were insufficient to overcome the prejudice requirement. Well, but we're not talking with allegations here. No. We're talking about something more important, the absence of an evidentiary showing. So if that was insufficient in Cervantes, certainly it's insufficient here because the plaintiff hasn't submitted evidence to show prejudice, i.e., that the claimed irregularity prevented him from paying the unpaid balance on the note. The problem, what he's saying is his whole theory is that when MRS assigned its beneficial interest from the original lender, Boncorp, to U.S. Bank, it lost the ability to appoint Recon Trust as a trustee. That's just bogus. And I think we can all probably agree that if you understand what MRS does, it acts as the agent of the new beneficiary and continues to have the right to appoint the trustee. Well, let's put that aside for a second. Let's just say that this was an irregularity in the foreclosure proceeding. He has submitted no evidence that my clients, I represent both the servicer and I represent the holder of the beneficial interest, U.S. Bank, that my clients have refused to recognize Recon Trust as a proper trustee. To the extent there is a problem with Recon Trust substitution, that's on us. We have always maintained that they're the proper trustee. All he has to do is tender the amount of unpaid balance on the note to the trustee identified in the notice of trustee sale, and that's Recon Trust. I'm representing that right now. So we can forget about this claim irregularity in the foreclosure process because it's simply not prejudicial to him. Well, let's go back to the time that the deed of trust and the note were executed. He's claiming that there was fraud involved in that, and if there's fraud, doesn't that void those documents? In the abstract, yes, if you could show that there was actual fraud in the inducement. But if you actually look at what his fraud claim is, he's saying that the original lender, Boncorp, and in a conspiracy with Countrywide, who has now been acquired obviously by my client, failed to counsel him as to the true meaning of negative amortization. California law in the Perlis decision says that lenders are not fiduciaries of their borrower. We have no duty to counsel them about whether they can afford a loan or not. He borrowed a lot of money from my clients, and he hasn't paid his mortgage for two and a half years. And now he's saying, well, you didn't explain to me like I was a two-year-old what negative amortization meant. You didn't explain to me that I couldn't afford this loan. As Your Honor pointed out, all of the terms were disclosed, and he actually alleges were disclosed in the documents that were provided to him. And to the extent he's alleging something that wasn't disclosed, we have no duty to disclose that under California law. What's your response to Mr. Carney's argument that there was a material discrepancy between the HUD Form 1 that was originally shown to him versus the one that was presented to him on the date it closed? Frankly, I don't know what discrepancy he's talking about. I didn't see that in his declaration. That was the only evidence he submitted in support of his motion. I don't know what he hasn't identified any material misrepresentations or omissions about the terms of the loan that would lead a reasonable person to rely on and enter into the loan. I don't, you know, fraud has to be even alleged with specificity. In this situation, he's asking for a drastic remedy. He's asking the district court to take away our right to foreclosure proceedings on nonjudicial foreclosure under California law. And to do that, he had a pretty heavy burden. He didn't even come close to meeting his burden. His declaration simply recites the allegations of the complaint. My client is holding the bag on a property that's continuing to depreciate. We should be allowed to proceed and secure our collateral in this situation. If I read the California case of Gomez and I read the northern district's federal district court as it relates to prejudice, I'm worried that the best you have to do to show prejudice is plead a specific factual basis for alleging that foreclosure was not initiated by the correct party. And I'm reading that because I'm reading the Gomez language. Then I read Tambouri where the federal district court says the threat of foreclosure by the wrong party would certainly be sufficient to constitute prejudice. But there's no evidence here that this foreclosure is by the wrong party. The foreclosure is by the right party. I represent everyone with an interest in this loan. I represent the servicer. I represent the holder of the beneficial interest. We pointed ReconTrust. I'm telling you, I'm representing that now. ReconTrust is a proper trustee. If he pays ReconTrust, there's no problem. There's no prejudice to him. He hasn't submitted any evidence. Putting that aside, he hasn't submitted any evidence that there's a problem in the substitution of trustee. He's simply put forward a theory that is not supported by California law. And his theory is Merce never had authority to point ReconTrust. That's just not true. That's not true. There's no evidence of it. And there's no evidence that the appointment of that trustee is prejudicial to him in any way because it hampers his ability or interferes with his ability to pay the note. Any other questions? Thank you, Your Honors. Thank you very much. Mr. Carney, I think you have a little time left. Can you respond to his last point? How have you been interfered in your ability to pay monthly payments on the note? Your Honor, I'm of the opinion that I'm going to wind up being paid by them for the question. That's not responsive to the question. I'm sorry. I'm sorry, Your Honor. How have your claims interfered with your ability to make monthly payments on the loan? Quite frankly, Your Honor, I've really just not made them. I've made a conscious decision since, you know, certainly since I filed suit. I learned about this and what drove me to file suit when I was amid bankruptcy after two attempts to have a, you know, the loan modification with Bank of America, which were flatly ignored and which drove me into bankruptcy. And then the assignment by MERS to U.S. Bank, who, by the way, is not mentioned as any party here in Appelli's answer. I mean, and I started to look into it and I started to find out that it was a securitized loan and all these other details, and which led me to, again, file suit and a complaint, which, by the way, going back to your question, Your Honor, there's also damages for federal law under Respondela that I've specified. Well, I guess the issue for me is you're asking for equitable relief, and I have to balance the equities here. And I'm trying to understand if you made a conscious decision to stop making monthly payments on your mortgage, that's a decision that you have every right to make, but you know what the consequences of that will be, that the holder of the note will then seek to foreclose on the collateral that secures the loan that you're now refusing to pay. You may very well have a claim for damages that you might ultimately win on, although the district court found that there was a very low likelihood of success on the merits. So it seems to me that once you make that choice, then in essence you have to accept the consequence, which is that you lose the property, even though you can continue to maintain your lawsuit for damages. I understand what you're saying, Your Honor. But, again, going back to DIMOC and to other cases that I've cited, I've stated damages far in excess of any amounts that they state as due and owing. But the problem is that the standard of review is abuse of discretion by the district court in weighing these very same factors. Right. And unless we can conclude that the district court's decision was improbable, implausible, or not supported by the record, we can't declare that it was an abuse of discretion to deny injunctive relief. Well, I don't think that they really said anything about the California statutes and Federal law that pertain to specifically that all beneficiaries must be named in the substitution of trustee. None of them were named. And I'd say further that there, because I've gotten conflicting messages from this cabal, I guess. I don't know what else you want to call it. That there's been, I cannot properly identify who a lender is. Not only that, but the California statutes clearly state that the mandatory provisions must be met in the process of foreclosing, sending notice, and so on and so forth. Mr. Cooper, go ahead. But you're not saying, you're saying you can't identify who the lender is or who you owe the money to? It's certainly not clear to me in the substitution of trustee. All right, but you're not saying you don't owe the money? I, the, it may be U.S. Bank. I don't know who it is. That's not my question. My question is you're not saying you don't owe the money? No, I'm not saying that there's not a stated debt, Your Honor, no. There's a stated debt. You're just saying you don't know to whom? Correct. Okay. Thank you very much. You are over time. The case just argued is submitted. We'll get you a decision as soon as we can. And we will next hear argument in number 12-551.
judges: Burgess, Tallman, Smith